MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV 89102
(702) 870-8700
(702) 870-0034 Fax
mgliner@glinerlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CRAIG HAMLET, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.:<br>) |
| CAGE & ASSOCIATES, LTD. d/b/a SAFE-SCREEN., | ) COMPLAINT<br>)<br>) JURY TRIAL DEMANDED |
| Defendant. | )<br>) |

1. Plaintiff Craig Hamlet files this Complaint against Defendant Cage & Associates, Ltd. d/b/a Safe-Screen and alleges, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

I. **JURISDICTION & VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district under 28 U.S.C. § 1391(b).

///

///

///

1

## II. PARTIES

4. Plaintiff is an adult individual who resides in Nevada.

5. At all times relevant hereto, Plaintiff has been a "consumer" as that term is defined by section 1681a(c) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

6. Defendant is a Nevada limited liability company headquartered in Las Vegas, Nevada and it regularly conducts business in this district.

7. At all times pertinent hereto, Defendant has been a consumer reporting agency ("CRA") as defined by section 1681a(f) of the FCRA.

## III. FACTUAL ALLEGATIONS

8. In September 2020, Plaintiff obtained a position as a security officer with Vanguard Integrity Professionals ("Vanguard") pending the successful completion of a background check.

9. As part of the employment process, Vanguard purchased a consumer report about Plaintiff from Defendant on or about September 23, 2020.

10. The consumer report was expected to be used for employment purposes.

11. Defendant furnished the consumer report to Vanguard on or about October 7, 2020.

12. Shortly after Defendant furnished the report to Vanguard, Plaintiff learned from Vanguard that it would be unable to move forward with his employment because it believed that Defendant's consumer report showed that Plaintiff has a felony on his record.

13. When Plaintiff received a copy of the consumer report, he discovered the reason why Vanguard had been misled by Defendant.

14. Defendant had reported to Vanguard that Plaintiff had a "felony" for "embezzlement" with a "certified" disposition, and it listed the arrest date as "2007-05-10," the offense date as "2007-05-10," and the disposition date as "2007-08-14."

15. This information was inaccurate, incomplete, not up-to-date, and obsolete.

16. The court records show that on May 20, 2010, the charge was reduced from a felony to a misdemeanor, the plea of guilty was set aside, a plea of not guilty was entered, and the case was dismissed.

17. Defendant's consumer report omitted all of this information and misled Vanguard.

18. After Plaintiff received Defendant's consumer report, he disputed the criminal record information with Defendant.

19. A few weeks later, Defendant informed Plaintiff that it had conducted a reinvestigation and amended its consumer report to show "No Reportable Records Located."

20. Unfortunately, Defendant's amended report was too little, too late. Plaintiff reached out to Vanguard after Defendant corrected its consumer report and Vanguard told him that it would not be doing any additional hiring at that time.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### (15 U.S.C. § 1681c)

21. Plaintiff realleges Paragraph Nos. 1-20 as if fully set forth herein.

22. The FCRA prohibits CRAs from reporting adverse information, other than records of convictions of crimes, that antedate the consumer report by more than seven years. 15 U.S.C. § 1681c.

23. Defendant violated Section 1681c by reporting non-conviction criminal record information about Plaintiff that antedated the report by more than seven years.

24. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

25. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

26. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

27. Defendant's violation of 15 U.S.C. § 1681c was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

28. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

29. Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

///

///

///

///

## SECOND CLAIM FOR RELIEF

### (15 U.S.C. § 1681e(a))

30. Plaintiff realleges Paragraph Nos. 1-20 as if fully set forth herein.

31. The FCRA requires CRAs to "maintain reasonable procedures designed to avoid violations of section 1681c." 15 U.S.C. § 1681e(a).

32. Defendant willfully violated Section 1681e(a) of the FCRA by failing to maintain reasonable procedures to avoid reporting obsolete adverse public record information about Plaintiff.

33. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

34. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

35. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

36. Defendant's violation of 15 U.S.C. § 1681e(a) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

37. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

38. Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

## THIRD CLAIM FOR RELIEF

## (15 U.S.C. § 1681e(b))

39. Plaintiff realleges Paragraph Nos. 1-20 as if fully set forth herein.

40. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report furnished regarding Plaintiff.

41. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

42. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

43. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

44. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

45. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

46. Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

## FOURTH CLAIM FOR RELIEF

### (15 U.S.C. § 1681k)

47. Plaintiff realleges Paragraph Nos. 1-20 as if fully set forth herein.

48. Section 1681k of the FCRA requires that when a consumer reporting agency supplies public record information to a user for employment, and such information is likely to have an adverse effect on employment, the CRA must:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

49. Defendant violated 15 U.S.C. § 1681k by failing to notify Plaintiff it was reporting public record information about him and failing to maintain strict procedures to ensure that the public record information it was reporting was complete and up to date.

50. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

51. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

52. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

53. Defendant's violation of the FCRA was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

54. As a result of this conduct by Defendant, Plaintiff suffered actual damages including without limitation, by example only and as described herein on his behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

55. Additionally, Plaintiff is entitled to punitive damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, along with such other and further relief against Defendant as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of actual, statutory and punitive damages for Plaintiff;

B. An award of pre-judgment and post-judgment interest as provided by law;

C. An award of attorney's fees and costs; and

D. Such other relief as the Court deems just and proper.

///

///

///

///

///

## TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

DATE: February 4, 2021

By: _____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV  89102
T: 702.870.8700
F: 702.870.0034
mgliner@glinerlaw.com
Attorney for Plaintiff

**WEINER & SAND LLC**

Andrew L. Weiner*
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
T: 404.205.5029
T: 404.254.0842
F: 866.800.1482
E: aw@wsjustice.com
E: js@wsjustice.com
*Attorneys for Plaintiff*
*Will comply with LR IA 11-2 within 14 days